## WHITE v. AKERS.
### No. 13474.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 15, 1937.

Otis E. Nelson, of Wichita Falls, and R. D. Oswalt, of Crowell, for appellant.

O. M. Wylie, of Archer City, and Fred T. Arnold, of Graham, for appellee.

BROWN, Justice.

This is an appeal from a judgment overruling a plea of privilege in the county court of Archer county. The appeal was perfected in due season, and the transcript, which proved to be defective, was presented to the clerk of the Court of Civil Appeals for filing, in due season, to wit, on February 21st, 1936.

The clerk of the Court of Civil Appeals filed the transcript on February 21, 1936, but wrote appellant's counsel as follows: "I cannot believe that you ever looked over this transcript, if you ᵔad I'm sure that you would not have sent it to me for filing. The Clerk in Archer City has not complied with a rule for making a transcript. You had better get it and go and have him make some corrections. It is not indexed. It has no caption. It is not filled out on the back showing who applied for it, or when, or who delivered to or when. He does not certify the attorneys, I got their names from the statement of facts."

After receiving this letter, counsel for appellant took out the transcript and returned same to the county clerk of Archer county for corrections. Corrections were made. No motion was made by appellant for certiorari to perfect the record, and same was not presented to the clerk here within the 60-day statutory period.

The cause was set for submission on December 11, 1936, and all attorneys duly notified of the setting.

The transcript, as amended, was not delivered to the clerk of the Court of Civil Appeals, by appellant, until December 10, 1936, one day before the cause was submitted, and with no motion to be permitted to file same, or motion for certiorari to perfect the record.

When the amended transcript was presented to the clerk of this court, he indorsed it as follows: "This transcript received from O. E. Nelson, December 10, 1936, in its present condition. J. A. Scott, Clerk." The transcript had a new cover on it, which, as a matter of course, does not show the original filing of the clerk of this court.

On December 17, 1936, appellant filed a motion herein setting up the foregoing facts, supported by affidavits from the county clerk, the clerk of this court, and exhibits, and in such motion prays "that such transcript, as amended, be permitted to be refiled as of February 21, 1936," and duly considered by this court.

The following rules have been established by our Supreme Court:

Rule 91 for District and County Courts provides for a proper caption on all transcripts.

Rule 92 for District and County Courts provides for a correct index on all transcripts.

Rule 98 for District and County Courts provides that the clerk of the trial court shall make a proper endorsement on the transcript, showing the style of the suit on appeal, and by whom it was applied for, the date of such application, to whom delivered, and the date of such delivery, by him.

Rule 100 for District and County Courts provides that when a transcript is presented to the party who applies for same, "and it is found, in any particular whatever, to have been made out in violation of any of the preceding requirements, he shall be at liberty to return it as not being a complete and properly prepared transcript, in time for correction by the clerk. And the reception of it by the party or his counsel, without being so returned for such purpose, will be regarded as an assumption by him of all the responsibility for any and all deficiencies found in the transcript, resulting from the violation of these rules or of the statutes."

Rule 2 for Courts of Civil Appeals provides as follows: "The Clerk shall indorse his filing upon the transcript, of the date of its reception, if it comes to his hands properly indorsed, showing who applied for it, and to whom it was delivered if presented within ninety days from the time the appeal or writ of error is perfected. But if it comes to his hands after the said date, or not so properly indorsed, he shall, without filing it, make a memorandum upon it of the date of its reception, and keep it in his office, subject to the order of the person who sent it, or to the disposition of the court. Said transcript shall not be filed until a satisfactory showing has been made to the court for its not being properly indorsed, or for not being received by the clerk in proper time; and upon this being done it may be ordered by the court to be filed, upon such terms as may be deemed proper, having respect to the rights of the opposite party."

Rule 3 for Courts of Civil Appeals provides as follows: "Either party may file the transcript for which he has applied to the district clerk, and which has been delivered to him; both of which facts must appear on

the transcript by the indorsement of the district clerk. If the indorsement shows that it was applied for by one party and delivered to the other, it must be shown by the indorsement of the clerk, or otherwise, to entitle it to be properly filed as the transcript of the party to whom it was delivered, and that it was delivered to one by the consent of the other, as each party has the sole right to the transcript which he applied for to be made out for him; and, if it is so filed without that fact being shown, the court may strike the case from the docket as improperly filed, upon its own inspection, or upon motion of the party to whom the transcript belonged."

Rule 22 for Courts of Civil Appeals provides as follows: "The cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the district and county courts, and filed in the court under the rules, with briefs of one or of both the parties, in accordance with the rules for the government of the court. All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."

In view of the established rules shown supra, the fact that appellant, under Rule 100 for District and County Courts, had the duty of inspecting the transcript for errors, and causing proper corrections to be made, and after being notified by letter dated February 21, 1936, of the defects, had until March 3, 1936, in which to correct and then file the transcript within the 60-day statutory period, all of which was not done; and in view of the fact that rule 2 for Courts of Civil Appeals specifically provides that the clerk of the Court of Civil Appeals is without authority to file a transcript unless "it comes to his hands properly indorsed, showing who applied for it, and to whom it was delivered," and that the burden is upon the appealing party to make "a satisfactory showing * * * to the Court for its not being properly endorsed," before it can be filed; and in view of the fact that no effort was made to file the amended transcript, in the Court of Civil Appeals, until the day before the cause was set for submission, and no motion ever made for certiorari to perfect the record, and no motion made to be permitted to file the amended transcript until after the cause was submitted—we believe that we are without authority to grant appellant's motion to file the amended transcript now as of February 21, 1936, the transcript presented at such time being so defective as that the clerk of this court was, under the rules, forbidden to file same; and we believe that we are without authority to allow filed and to now consider at this late date such amended transcript.

The appellant had ample time, after due notice of the defects in the transcript, within which to cure same and then file the transcript within the 60 days given him by law.

If for any reason this was not capable of being done in the nine or ten days then to appellant's credit, he still had ample time within which to cure the defects and bring his amended transcript up by motion for certiorari to perfect the record.

Not having done either of these necessary things, and having more than nine months between the day of filing the cause in this court and its submission, we are of opinion that we cannot consider the transcript, and therefore that the appeal should be dismissed.

Appeal dismissed.